**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:08CV-14-H**

**RAHSAAN BRANDON DARDEN**                                                    **PLAINTIFF**

v.

**BRIGHTON**                                                                                                     **DEFENDANT**

## MEMORANDUM AND ORDER

On or about January 4, 2008, Plaintiff, *pro se*, filed the instant civil action against Defendant Brighton[1] along with an application to proceed without prepayment of filing fees (DN 3). Plaintiff's application makes the requisite showing under 28 U.S.C. § 1915(a). His application is, therefore, **GRANTED**. Because Plaintiff is proceeding *in forma pauperis*, this Court is required to screen the complaint "before process is served." *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997) (referencing 28 U.S.C. § 1915(e)(2)). As explained below, based on its review, the Court concludes that it lacks subject matter jurisdiction over the instant action and it must be dismissed.

In his typewritten *pro se* complaint, Plaintiff states that he is bringing this action "to address unfair citizen slander procedures and basic non-standard public policy as it applies to citizen rights." In the section of the complaint entitled "jurisdiction" Plaintiff states: "the party invokes the jurisdiction of the court . . . They are going to Be ready for you next time they used your name." In the summary of claims section, Plaintiff explains his cause of action as follows:

---

[1] Plaintiff lists the Defendant as only "Brighton" and does explain whether Defendant is a person or entity. On the summons form for Defendant's name and address, Plaintiff typed "Brighton and address care of the Clerk of the court."

"You was in Brighton they used your name send them as less as possible what's your address give it to me again.  Furthermore, engaging in unlawful slander and disciplinary practices complained of with reckless indifference To Plaintiff Basic Citizen Rights and Civil Liberties."  As relief Plaintiff seeks following:  "is there A question yea Rashsaan Brandon Darden requests A trial by jury of Plaintiff's peers I am trying to get damages to let Damages go to A Jury of Plaintiff's peers?".

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute.").  "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence."  *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006)).  The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case.  *Kokkonen*, 511 U.S. at 377.  Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction."  *Douglas*, 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

In the present case, Plaintiff has not met his burden of establishing this Court's jurisdiction.  He cites to no specific federal law as the grounds for filing this case in federal court. He thus fails to demonstrate federal question jurisdiction under 28 U.S.C. § 1331.

Plaintiff additionally fails to establish diversity jurisdiction as he has neither demonstrated complete diversity of citizenship with Defendant nor alleged the requisite amount in controversy as required under 28 U.S.C. § 1332.  The Court also notes that Plaintiff has not even sufficiently described the nature of his claim so as to adequately put Defendant on notice of claims asserted against it as required by Federal Rule of Civil Procedure 8.

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519 (1972).  The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979)(citation omitted), and the Court is not required to create a claim for the *pro se* Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory  role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Accordingly, because Plaintiff has failed to establish that this Court has subject matter jurisdiction over this action it is will be dismissed by separate order pursuant to Federal Rule of Civil Procedure 12(h)(3).

Date:

cc:	Plaintiff, *pro se*
	4412.008